# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**JOHNNIE B. BELL,**

    **Plaintiff,**

**vs.**                                                      **Case No. 4:06cv392-RH/WCS**

**JAMES CROSBY, et al.,**

    **Defendants.**

                                            /

## REPORT AND RECOMMENDATION

      This case was transferred from the Southern District of Florida on August 24, 2006.  Doc. 15.  Plaintiff, an inmate proceeding *pro se*, was granted leave to proceed *in forma pauperis* in the Southern District and then the case was transferred to this Court because the actions about which Plaintiff complains in his civil rights complaint filed pursuant to 42 U.S.C. § 1983 occurred within the Northern District of Florida.  Doc. 15.  Because Plaintiff is an inmate, the complaint has been reviewed prior to service as is required by 28 U.S.C. § 1915A.

      Plaintiff notes on the complaint form that he previously brought a state court case concerning the events at issue in this case.  Attached to the complaint is a copy of the

case Plaintiff filed in the Third Judicial Circuit, in and for Dixie County, Florida.  There, Plaintiff complains that while he was confined at Cross City Correctional Institution, on September 21, 2004, Plaintiff fell and hit his head on a steel window crank that was protruding from the wall.  Doc. 1.  Plaintiff alleges there are unsafe conditions at the prison, that the window cranks are dangerous, and that he was injured, and then denied appropriate medical care.  The state court found the complaint was "legally insufficient to state a cause of action" and dismissed the case prior to service on February 8, 2005.  *Id.*  On March 3, 2005, Plaintiff filed a notice of appeal.  *Id.*  He indicates in the instant complaint that the appeal remains pending.

The facts at issue in this civil rights case are the same as alleged in the state court case.  Therefore, the doctrine of *res judicata* is implicated.  A federal court must give the same preclusive effect to a state court judgement as would the state.  28 U.S.C. § 1738; Allen v. McCurry, 449 U.S. 90, 96, 101 S.Ct. 411, 415-416, 66 L.Ed.2d 411 (1980); Migra v. Warren City School District, 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984).

> [U]nder Florida law, res judicata bars a second suit when a court of competent jurisdiction has entered final judgment in the first suit and the following four conditions are met:
>
> 1) identity of the thing sued for;
>
> 2) identity of the cause of action;
>
> 3) identity of the parties; and
>
> 4) identity of the quality in the person for or against whom the claim is made.

Sewell v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 94 F.3d 1514, 1518 (11th Cir. 1996), *citing* Aquatherm Indus., Inc., 84 F.3d 1388, 1394 (11th Cir. 1996)(citing Albrecht v. State, 444 So. 2d 8, 12 (Fla. 1984)).

The order denying Plaintiff's first cause of action was entered by a court of competent jurisdiction and was a final judgment on the merits. There is identity in the parties as Plaintiff sues the same six Defendants in both cases. Although Plaintiff did not specifically assert in the state court action that he was bringing an Eighth Amendment claim for the denial of appropriate medical care, he did however, allege in conclusory terms that he was denied appropriate medical care and specifically brought a claim for "medical negligence" and complaint that the Defendants "failed to provide Plaintiff adequate medical care and treatment . . . ." *Id.* *Res judicata* precludes litigation of an issue which could have been litigated in the first action, even though it was not.

> If the later litigation arises from the same cause of action, *then the judgment bars litigation not only of "every matter which was actually offered and received to sustain the demand, but also [of] every [claim] which might have been presented."* Baltimore S.S. Co. v. Phillips, 274 U.S. 316, 319, 47 S.Ct. 600, 602, 71 L.Ed. 1069 (1927).

In re Justice Oaks II, Ltd., 898 F.2d 1544, 1550, n.3 (11th Cir. 1990), *cert. denied*, 498 U.S. 959 (1990) (emphasis added). Plaintiff did allege, albeit in conclusory terms, that he was denied medical care, although he stated those facts in support of a medical negligence claim. Importantly, however, Plaintiff could have made claims in the alternative, that he was either denied medical care under the Eighth Amendment or that the care he was given constituted medical negligence.

"The principal test for determining whether the causes of action are the same is whether the primary right and duty are the same in each case. . . . In determining whether the causes of action are the same, the court must compare the substance of the actions, not their form." I. A. Durbin, Inc. v. Jefferson National Bank, 793 F.2d 1541, 1549 (11th Cir. 1986). "Claims are part of the same cause of action when they arise out of the same transaction or series of transactions." In re Justice Oaks II, Ltd., 898 F.2d at 1551. Plaintiff's claims in the case at bar arise from the same transaction as he litigated in state court. Since this comes within "claim preclusion" category of *res judicata*, all of Plaintiff's claims in this case are barred.

It is therefore **RECOMMENDED** that Plaintiff's complaint, doc. 1, be summarily **DISMISSED** pursuant to the *res judicata* doctrine.

**IN CHAMBERS** at Tallahassee, Florida, on September 18, 2006.


    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**